

ROBERT A. DOLINKO     (State Bar No. 076256)
radolinko@thelen.com
DEBORAH R. SCHWARTZ (State Bar No. 208934)
drschwartz@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street; Suite 1800
San Francisco, CA 94105
Telephone: (415) 371-1200
Facsimile:  (415) 371-1211

*E-filing*

Attorneys for Defendants
WHITE CAP CONSTRUCTION SUPPLY, INC.
And HD SUPPLY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*WDB*

ALEX ROJAS,

Plaintiff,

v.

WHITE CAP CONSTRUCTION SUPPLY,
INC. and HD SUPPLY INC.

Defendants.

**CV. 08    3886**

No.:

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332 and 1441(b)
(DIVERSITY)**

Complaint Filed: July 7, 2008
Trial Date:  None

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants White Cap Construction Supply, Inc. ("White

Cap") and HD Supply Inc. ("HD Supply") (jointly "Defendants") hereby remove to this Court the

state court action described below.

1.     On or about July 7, 2008, an action was commenced in the Superior Court of the

State of California for the County of San Francisco entitled *Alex Rojas, Plaintiff v. White Cap*

*Construction Supply, Inc. and HD Supply Inc. , et al., Defendants*, and assigned Case No. CGC-

08-477141 ("State Court action").  Copies of the Summons to each defendant, the Civil Cover

Sheet, the Complaint and the Notice to Plaintiff of Case Management Conference are attached

hereto as Exhibit A.  This represents all process, pleadings and orders served upon Defendants.

 

1  Attached hereto as Exhibit B is a true and correct copy of the Answer Defendants filed in the
2  Superior Court.

3      2.    Defendants have not filed, served or received any papers or pleadings in the State
4  Court Action other than those attached to this Notice as Exhibits A and B.

5      3.    This lawsuit first became removable on July 15, 2008, pursuant to 28 U.S.C.
6  §1446(b). The lawsuit was first served upon and received by Defendants on that date.

7      4.    At the time of the filing of the State Court action and at the time of removal,
8  Defendant White Cap Construction Supply, Inc. ("White Cap") was and is a Delaware
9  Corporation with its principal place of business in the State of Georgia. HD Supply Inc. was and
10  is a Delaware corporation with its principal place of business in the State of Georgia. Neither
11  defendant was nor is a citizen of the State of California.

12      5.    White Cap does not employ any individuals in the State of California and derives
13  virtually no revenue from the State of California. Its corporate headquarters are in Atlanta,
14  Georgia. Hence, White Cap's principal place of business is the state of Georgia – and not the
15  State of California.

16      6.    HD Supply is a corporation that does business in all 50 states. Less than 15% of its
17  revenue (including that of HD Supply and its subsidiaries) was generated in California during the
18  first half of 2007.[1] Fewer than 25 percent of HD Supply's active, full-time employees work in the
19  State of California. The great majority (88%) of HD Supply's locations or facilities (*i.e.*, tangible
20  property) are located outside the State of California. There is no single state where a majority of
21  HD Supply's business activities take place. Those business activities are instead spread among all
22  50 states. The great majority of HD Supply's activities take place outside the State of California.
23  The corporate headquarters for HD Supply, where much of the overall corporate strategy is
24  developed, is in the State of Georgia. Hence, HD Supply's principal place of business is the state
25  of Georgia – and not the State of California.

26

27

---

28  [1] Revenue data for the second-half of 2007 is not presently available to HD Supply.



7.    Plaintiff Alex Rojas is, and at all material times was, a citizen of the State of California.

8.    Plaintiff's claims for violation of the Fair Employment & Housing Act ("FEHA") reveal that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. If Plaintiff prevails at trial, it is most likely that his damages will exceed the jurisdictional limit identified in 28 U.S.C. § 1332(a), exclusive of interest and costs. At the time of his termination of employment in 2007, Plaintiff was paid a salary of more than $52,000 per year. He claims damages for wrongful termination, for humiliation, mental anguish and emotional and physical distress, and punitive damages.

9.    In accordance with 28 U.S.C. § 1446(d), plaintiff, through his counsel of record, and the Clerk of the Superior Court, shall be timely served with copies of this Notice of Removal.

WHEREFORE, Defendants White Cap Construction Supply, Inc. and HD Supply Inc. pray that this action stand and remain removed from the Superior Court of the State of California for the County of San Francisco to this Court.

Dated: August 14, 2008              THELEN REID BROWN RAYSMAN & STEINER LLP


By:    _____
       Robert A. Dolinko
       Deborah R. Schwartz
       Attorneys for Defendants
       WHITE CAP CONSTRUCTION SUPPLY, INC.
       and HD SUPPLY INC.

*Rojas v. White Cap Construction and HD Supply, et al.*
*Case No.*

## PROOF OF SERVICE BY MAIL

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On August 14, 2008, I served the following entitled document:

**NOTICE OF REMOVAL OF ACTION UNDER**
**28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Michael Hoffmann, Esq
> Hoffmann Employment Lawyers, LLP
> 100 Pine Street, Suite 1550
> San Francisco, CA 94111

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above documents to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 14, 2008, at San Francisco, California.

Angela Balestrieri

Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WHITE CAP CONSTRUCTION SUPPLY, INC. , HD SUPPLY INC.,
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALEX ROJAS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Civic Center Courthouse
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
~~CGC-07-461-973~~
CGC-08-477141

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL HOFFMAN SBN 154481
100 Pine Street, Suite 1550, San Francisco, CA   Gordon Park-Li

DATE:
*(Fecha)*   JUL -7 2008

Clerk, by
*(Secretario)*   Elias Dutil   Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):*  *HD SUPPLY INC.*

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

 

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
WHITE CAP CONSTRUCTION SUPPLY, INC. , HD SUPPLY INC.,
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ALEX ROJAS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Civic Center Courthouse
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
(Número del Caso)
CGC-07-461-971
CGC-08-477141

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
MICHAEL HOFFMAN SBN 154481
100 Pine Street, Suite 1550, San Francisco, CA    Gordon Park-Li

DATE:    JUL - 7 2008
(Fecha)

Clerk, by    _Elias Butt_, Deputy
(Secretario)    ELIAS BUTT    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

(SEAL)

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  WHITE CAP CONSTRUCTION SUPPLY, INC.

    under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

Code of Civil Procedure §§ 412.20, 465

**SUMMONS**

 

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MICHAEL HOFFMAN SBN 154481<br>BARBARA FIGARI SBN 251942<br>100 Pine Street, Ste. 1550<br>San Francisco, CA 94111<br>TELEPHONE NO: (415) 362-1111   FAX NO: (415) 362-1112<br>ATTORNEY FOR (Name): ALEX ROJAS | **FILED**<br>San Francisco County Superior Court<br>JUL - 7 2008<br>GORDON PARK-LI, Clerk<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Rojas v. White Cap

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CGC-07-461-973 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>CGC-08-477141 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 27, 2008
R. Michael Hoffman, Esq.
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

HOFFMAN EMPLOYMENT LAWYERS, LLP
MICHAEL HOFFMAN 154481
100 Pine Street Ste. 1550
San Francisco, CA 94111
Tel  (415) 362-1111     CASE MANAGEMENT CONFERENCE SET
Fax  (415) 362-1112
Email: mhoffman@employment-lawyers.com

DEC - 5 2008 -9:00 AM

Attorney for Plaintiff

DEPARTMENT 212

**SUMMONS ISSUED**

**F I L E D**
San Francisco County Superior Court

JUL - 7 2008

GORDON PARK-LI, Clerk
BY _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| ALEX ROJAS, | CASE NO. C G C - 0 8 - 4 7 7 1 4 1 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | **JURY TRIAL DEMAND** |
| WHITE CAP CONSTRUCTION SUPPLY, INC. , HD SUPPLY INC., and DOES 1-50, inclusive, | |
| Defendants. | |

1.    Plaintiff, ALEX ROJAS an individual ("Plaintiff") is, and at all times relevant

hereto has been a resident of the State of California, County of San Francisco. Plaintiff was

employed for a period of approximately twenty-two (22) years, from October 3, 1985 until

December 10, 2007 by Viking Distributing, which was bought out by Defendant WHITE CAP

CONSTRUCTION SUPPLY, INC. ("White Cap"), and was finally bought out by Defendant HD

SUPPLY, a Home Depot company.

2.    Plaintiff is informed and believes and thereby alleges that defendant White Cap is

a Delaware Corporation, and that Defendant White Cap  is, and at all times relevant hereto, was a

corporation qualified to do business in California, with its principal place of business located in

the County of San Francisco, State of California.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-1-
PLAINTIFF'S COMPLAINT



LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

3.    Plaintiff is informed and believes and thereby alleges that defendant HD Supply is a Delaware Corporation, and that Defendant HD Supply is, and at all times relevant hereto, was a corporation qualified to do business in California, with its principal place of business located in the city of Palm Beach Gardens, State of Florida.  The employment contract upon which Plaintiff sues herein was made in the State of California to be performed in the County of San Francisco.

4.    DOE Defendants 1 through 20 are sued herein under fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiff is informed and believes, and on that basis alleges that each defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants and in doing the things hereinafter mentioned was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants.

## FIRST CAUSE OF ACTION
### (Breach of Contract)
### (Against Defendants White Cap, HD Supply, and all Does)

5.    The allegations of paragraph 1 through 5 are alleged and incorporated herein by reference.  This cause of action is pled against Defendant entities White Cap and HD Supply.

6.    Plaintiff was last employed as an Assistant Traffic Supervisor.

7.    During the entire course of Plaintiff's employment with Defendants, there existed an express and implied in fact employment contract between Plaintiff and Defendant which at the time of Plaintiff's discharge included, but was not limited to, the following terms and conditions:

A.    Plaintiff would be able to continue his employment with Defendant indefinitely so long as he carried out his duties in a proper and competent manner;

B.    Plaintiff would not be demoted, discharged or otherwise disciplined nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof;

C.    That Defendant would not evaluate Plaintiff's performance in an arbitrary, untrue or capricious manner;

8.    This total employment contract was evidenced by various written documents, oral representations to Plaintiff by Defendants' agents and employees, and the parties' entire course of conduct including the following:

A.    Plaintiff is informed and believes and thereon alleges that portions of this contract are embodied in defendants' written personnel policies and discipline procedures;

B.    There was an established policy within Defendants' company known to Plaintiff and relied upon by Plaintiff, that an employee such as Plaintiff, who had performed services as a good and faithful employee, would have secure employment tenure with Defendants; that an employee such as Plaintiff would be permitted to continue employment unless discharged for good and sufficient cause; that an employee such as Plaintiff would not have his duties surreptitiously divided among junior, less experienced employees; that an employee such as Plaintiff would not be demoted, discharged or disciplined without good and sufficient cause, and would not otherwise have his job functions taken away or reassigned.

C.    Again and again during his employment, Plaintiff was told by his superiors, orally and in writing, that he was doing an excellent job and that he would always have a job with Defendants.  Plaintiff was given numerous awards and plaques consistently during Plaintiff's employment.  As a result of the above representations, during the following 22 years of loyal employment, and promotions and salary increases, Plaintiff came reasonably to expect and to rely on the promise of job security.  Such statements and acts by Defendants communicated to

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Plaintiff the idea that he had performed satisfactorily and that his job was secure. Plaintiff in
good faith relied upon these representations and believed them to be true.

9.   Plaintiff's reliance on and belief in and acceptance in good faith of all the
assurances, promises and representations, as listed in paragraph 9 above, led Plaintiff throughout
his employment with Defendants to reasonably believe that his employment was secure and that
there thereby existed a contract of continuous employment with Defendants. As independent
consideration for this contract of continuing employment, and as evidence of Plaintiff's reliance
thereon, at the time he began working for defendant, Plaintiff gave up the possibility of other
secure employment in order to accept employment with Defendant. As further independent
consideration, in addition to performing his regular duties as an employee of Defendants,
Plaintiff refrained form seeking any other employment and from time to time turned down, gave
up, and refrained from pursuing other career opportunities.

10.   Plaintiff undertook and continued employment and duly performed all the
conditions of the contract to be performed by him. Plaintiff has at all times been ready, willing
and able to perform and has offered to perform all the conditions of this contract to be performed
by him.

11.   Despite the representations made to Plaintiff and the reliance he placed on them,
Defendants failed to carry out their responsibilities under the terms of the employment contract
in the following way:

A. In the Summer of 2006, Plaintiff was subjected to arbitrary, unfair and dishonest
business practices in the form of concealing the fact that Defendants were surreptitiously
dividing up Plaintiff's work duty among junior, less experienced employees;

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-4-
PLAINTIFF'S COMPLAINT

B.    During termination, by telling Plaintiff that his job performance was "excellent" and he was being terminated because of the alleged elimination of his position.

C.    By wrongfully terminating Plaintiff on or about December 10, 2007, in spite of exemplary job performance;

12.    Defendants breached the aforementioned total employment contract by the arbitrary or discriminatory discharge of Plaintiff without regard to or in compliance with the requirements of the aforesaid agreement.

13.    As a proximate result of Defendants' breach of the total employment contract, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits which he would have received had Defendants not breached said agreement, all to his damage in an amount according to proof.

14.    The aforesaid employment contract contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiff and his performance under said employment contract and to refrain form doing any act which would prevent or impede Plaintiff from performing all the conditions of the contract to be performed by him or any act that would prevent or impede Plaintiff's enjoyment of the fruits of said contract. Specifically, said covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the agreement.

15.    Plaintiff, an individual employee, with no legal representation or prior experience in making such contracts as the one alleged herein, was in an inherently unequal bargaining position in his dealings with Defendants, an established concern with billions of dollars in assets. In addition, once Plaintiff committed himself to the above-stated contract, and took the reasonable actions alleged herein in reliance, Plaintiff was placed in a particularly vulnerable

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-5-
PLAINTIFF'S COMPLAINT

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

position because few openings exist in his field for persons of his age, experience and

qualifications. He had entrusted his entire livelihood to Defendants' willingness to perform its

obligations under the contract, and risked suffering grave harm if Defendants failed to perform.

Defendant was aware of Plaintiff's vulnerability in this regard.

16.    As a result of Defendants' violations of contract, and their reprehensible and

willful conduct toward Plaintiff, Plaintiff has suffered harm:

A.    The destruction of Plaintiff's valuable property interests, i.e., his prospect of

continuing further employment with Defendants and receipt of continued compensation;

B.    Impairment and damage to Plaintiff's good name by causing him to be discharged

with the untrue implication to all future prospective employers that he had been disciplined or

discharged for incompetence or unsatisfactory performance.  Said implication was and is

completely untrue and totally without foundation;

C.    Substantial losses in earnings, bonuses, deferred compensation, and other

employment benefits and costs incurred.

17.    The primary motivation of Plaintiff in obtaining secure employment with White

Cap was because he believed he could grow and develop his career as a White Cap employee, as

well as Plaintiff's admiration of White Cap and excitement over employment with said company.

18.    Defendants committed the acts alleged herein maliciously, fraudulently and

oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to

recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

## SECOND CAUSE OF ACTION

(Age Discrimination, Cal Govt. Code § 12940, et seq.) (Against Defendants White Cap)

19.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 above as through set forth verbatim here.

20.    At the time of termination, Plaintiff was 66 years of age.

21.    On December 10, 2007 Plaintiff was terminated by Defendant from his position. Plaintiff had been Defendant's loyal employee for approximately 22 years prior to his termination.

22.    Plaintiff's discharge was based on his age.

A.    Plaintiff was terminated for pretextual reasons;

B.    Before terminating Plaintiff, Defendants purposely concealed the fact that Defendants were surreptitiously dividing up Plaintiff's job among younger, less experienced junior employees;

C.    During termination, Plaintiff was told that his job performance was "excellent" and he was being terminated because his position was being eliminated. This was untrue.

D.    Plaintiff is informed and believes and thereon alleges that Defendants have hired younger employees to take Plaintiff's position after Plaintiff was told that the termination was due to elimination of Plaintiff's position;

E.    Disparate treatment was given to Plaintiff due to Plaintiff's age;

F.    There was a contract between the parties hereto, known and relied upon by Plaintiff, that an employee such as Plaintiff, who had performed services as a good and faithful employee, particularly for a period of 22 years, would have secure employment tenure with Defendants; would be permitted to continue employment unless discharged for good and sufficient cause; that an employee such as Plaintiff, would not be discharged, have his hours cut

-7-

PLAINTIFF'S COMPLAINT

or have his duties surreptitiously or otherwise divided up among younger, junior employees, without good and sufficient cause; and would not otherwise have his job functions taken away or reassigned, that Defendants would not negligently or intentionally create an environment of disparate treatment.

23.    Plaintiff filed a timely charge of age discrimination with the California DFEH, effectively tolling the statute of limitations on Plaintiff's claim herein. Plaintiff is not required to exhaust any other administrative remedies before filing this suit.

24.    As a proximate and direct result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking and performing substitute employment, and in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, humiliation, mental anguish and emotional and physical distress all to his damage in an amount according to proof.

25.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof, and is further entitled to liquidated damages in an equal amount to his unpaid wages.

### THIRD CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy)

1.    Under California law, no employee, whether they are an at will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional or statutory provision that is

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-8-

1  concerned with a matter effecting society at large rather than a purely personal or proprietary

2  interest of the employee or the employer, and which is fundamental, substantial, and well

3  established at the time of discharge.

4    2.    Plaintiff is informed, believes, and based thereon alleges, that Defendant White Cap

5  and HD Supply Co. terminated Plaintiff's employment in violation of public policy, on the basis

6  of Plaintiff's age. The conduct described in the above sentence violates the following statutes

7  that effect society at large:

8    a.    California Government Code

9    b.    All other state and federal statutes, regulations, administrative orders, and ordinances

10  which effect society at large, and which discovery will reveal were violated by said Defendant by

11  discriminating and retaliating against the Plaintiff.

12    3.    Plaintiff alleges that Defendants violated articulable public policies, affecting society

13  at large, by violating the statutes and the California Constitution, as described above, when said

14  Defendant constructively terminated Plaintiff's employment in violation of public policy.

15    4.    As a direct, foreseeable, and proximate result of the actions of Defendants as

16  described above,  Plaintiff has suffered, and continues to suffer, severe emotional distress,

17  substantial losses in salary, bonuses, job benefits, and other employment benefits they would

18  have received from said Defendants, all to the Plaintiff's damage, in a sum within the jurisdiction

19  of this court, to be ascertained according to proof.

20  **PRAYER FOR RELIEF**

21    1.    For damages for breach of contract according to proof including losses incurred in

22  seeking substitute employment and loss of earnings, deferred compensation and other

23  

24  employment benefits;

25    2.    For compensatory damages for losses resulting from humiliation, mental anguish,

26  and emotional distress according to proof;

27  

28  

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-9-

PLAINTIFF'S COMPLAINT



3.      For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing legal rate;

4.      For punitive damages according to proof;

5.      For costs of suit including reasonable attorneys' fees pursuant to statute;

MICHAEL HOFFMAN, ESQ.

Dated:                                                   By:

                                                   Michael HOFFMAN,
                                                   ATTORNEY FOR PLAINTIFF

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-10-
PLAINTIFF'S COMPLAINT

 

CASE NUMBER: CGC-08-477141  ALEX ROJAS VS. WHITE CAP CONSTRUCTON SUPPLY, IN(

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** DEC-05-2008
>
> **TIME:** 9:00AM
>
> **PLACE:** Department 212
> 400 McAllister Street
> San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Exhibit B



1  ROBERT A. DOLINKO (State Bar No. 076256)
   radolinko@thelen.com
2  DEBORAH R. SCHWARTZ (State Bar No. 208934)
   drschwartz@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
4  San Francisco, California  94105-3601
5  Telephone: (415) 371-1200
   Facsimile: (415) 371-1211

6

7  Attorneys for Defendants
   WHITE CAP CONSTRUCTION SUPPLY, INC.
   and HD SUPPLY INC.

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF SAN FRANCISCO

11

12  ALEX ROJAS,                          Case No.: CGC-08-477141

13                 Plaintiff,

14         vs.                           ANSWER OF DEFENDANTS WHITE
                                         CAP CONSTRUCTION SUPPLY, INC.
                                         AND HD SUPPLY INC. TO PLAINTIFF'S
15  WHITE CAP CONSTRUCTION SUPPLY,       COMPLAINT FOR DAMAGES
16  INC. and HD SUPPLY INC., and DOES 1-
    50, inclusive,
17
                 Defendants.
18

19         Defendants White Cap Construction Supply, Inc. and HD Supply Inc. (jointly

20  "Defendants"), in answer to the Complaint ("Complaint") of plaintiff Alex Rojas ("Plaintiff"),

21  admit, deny and allege as follows:

22         1.     Pursuant to the provisions of Section 431.30(d) of the California Code of Civil

23  Procedure, Defendants deny generally and specifically each and every allegation contained in

24  Plaintiff's Complaint, and further deny that Plaintiff has sustained damages in the sum or sums

25  alleged, or in any other sum at all, by reason of any act, breach or omission by Defendants.

26  ///

27  ///

28  ///

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to each and every cause of action alleged in the Complaint, unless specifically stated otherwise, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

2.    Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

3.    Defendants allege, based on information and belief, that the court lacks jurisdiction over the subject matter of each of Plaintiff's claims for relief because the exclusive remedy for his purported emotional and physical injuries lies under the California Workers' Compensation Act, Cal. Lab. Code § 3600, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

4.    Defendants allege, based on information and belief, that Plaintiff's Complaint falls outside the jurisdiction of this court in that Plaintiff has failed to satisfy the jurisdictional prerequisites to bringing this lawsuit by exhausting his available administrative remedies as required by law.

### FOURTH AFFIRMATIVE DEFENSE

5.    The Court lacks subject matter jurisdiction over the claims and allegations in the Complaint that concern matters not reasonably related to charges filed by Plaintiff in a timely manner with the appropriate government agency.

### FIFTH AFFIRMATIVE DEFENSE

6.    Although Defendants deny that they engaged in the conduct attributed to them, Defendants allege, based on information and belief, that Plaintiff's damage claims are barred, in whole or part, by the avoidable consequences doctrine.

### SIXTH AFFIRMATIVE DEFENSE

7.    Defendants allege, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

8.     Defendants allege, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

9.     Defendants allege, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

10.     Although Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege, based on information and belief, that Plaintiff has failed to mitigate his purported damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## TENTH AFFIRMATIVE DEFENSE

11.     Defendants allege, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the United States and California Constitutions.

WHEREFORE, White Cap Construction Supply, Inc. and HD Supply Inc. pray for judgment against Plaintiff as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that Plaintiff take nothing by reason hereof;

2.     That White Cap Construction Supply, Inc. and HD Supply Inc. each be awarded its costs of suit incurred herein;

3.     That White Cap Construction Supply, Inc. and HD Supply Inc. each be awarded its attorneys' fees to the extent provided by law;

4.     That judgment be entered in favor of White Cap Construction Supply, Inc. and HD Supply Inc.; and

///

///

5.    That White Cap Construction Supply, Inc. and HD Supply Inc. receive such other relief as the Court deems just and proper.

Dated:  August 13, 2008                THELEN REID BROWN RAYSMAN & STEINER LLP


By _____
     Robert A. Dolinko
     Deborah R. Schwartz
     Attorneys for Defendants
     WHITE CAP CONSTRUCTION SUPPLY, INC.
     and HD SUPPLY INC.

SF #1518409 v1

ANSWER OF DEFENDANTS WHITE CAP CONSTRUCTION SUPPLY, INC. and HD SUPPLY INC.
TO PLAINTIFF'S COMPLAINT FOR DAMAGES

 

*Rojas v. White Cap Construction and HD Supply, et al.*
*Case No. CGC-08-477141*

## PROOF OF SERVICE BY MAIL

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On August 13, 2008, I served the following entitled document:

**ANSWER OF DEFENDANTS WHITE CAP CONSTRUCTION SUPPLY, INC.
AND HD SUPPLY INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

by placing a true and correct copy thereof in sealed envelopes addressed as follows:

> Michael Hoffmann, Esq
> Hoffmann Employment Lawyers, LLP
> 100 Pine Street, Suite 1550
> San Francisco, CA 94111

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above documents to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2008, at San Francisco, California.

_____
Angela Balestrieri