HOFFMAN EMPLOYMENT LAWYERS, LLP
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
100 Pine Street, Suite 1550
San Francisco, CA 94111
Tel   (415) 362-1111
Fax  (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff
Alex Rojas

US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALEX ROJAS,<br><br>  Plaintiff,<br><br>  vs.<br><br>WHITE CAP CONSTRUCTION SUPPLY, INC, and HD SUPPLY, Inc.<br><br>  Defendants. | CASE NO: CIV08 3886 WDB<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEY'S FEES TO PLAINTIFF**<br><br>[ 28 U.S.C. Section 1447; FRCP 12(h)(3)]<br><br>DATE: October 1, 2008<br>TIME: 1:30 pm<br>PLACE: Courtroom 4, 3rd Floor. |

**NOTICE OF MOTION TO REMAND**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 1, 2008 at 1:30 pm, at the above-named court, Plaintiff will and hereby does move this Court for an order providing that the instant action be remanded back to State Court, that defendants pay an award of attorneys' fees and costs to plaintiff in the amount of $1350 or in an amount that the Court deems appropriate, and that the Clerk of the Court send a certified copy of the remand order to the clerk of the San Francisco Superior Court where the action was originally filed.

This Motion will be based on this Notice, the Memorandum of Points and Authorities filed herewith, the accompanying Declaration of Michael Hoffman, the complete files and

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

records in this action, and all other matters and evidence that may be presented at the hearing on this motion.

DATED: August  20, 2008                    HOFFMAN EMPLOYMENT LAWYERS, LLP

/S/
_____
MICHAEL HOFFMAN

Attorneys for Plaintiff

HOFFMAN EMPLOYMENT LAWYERS, LLP
100 Pine Street, Suite 1550
San Francisco, CA 94111
(415) 362-1111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Relief Requested, Summary of Argument

Plaintiff moves this Court for an order that: (1) the instant action be remanded back to State Court, (2) Defendants pay an award of attorneys' fees and costs to Plaintiff, in the amount of $1350 or in an amount that the Court deems appropriate, and (3) the Clerk of the Court send a certified copy of the order to the clerk of the state court where the action was originally filed. Such an order is proper because diversity of citizenship does not exist between Plaintiff and all Defendants and this Court therefore lacks subject matter jurisdiction.

It is alleged in the underlying State Court Complaint ("Complaint"), that White Cap's Principal Place Of Business is in California (Complaint, Paragraph 2, Ex. "A", Defendants Notice of Removal of Civil Action). Defendant's removal papers allege that *"White Cap does not employ any individuals in the State Of California, and derives virtually no revenue from the State Of California.* (Notice of Removal, par 5, p. 2, lines 12-13.) However, under the "place of operations test", Plaintiff shows that White Cap corporation's principal place of business is in California, as California "contains a substantial predominance of corporate operations." Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

## II. Procedural Posture

Plaintiff filed the instant action in the San Francisco County Superior Court on July 7, 2008. On August 19, 2008, Defendants served Plaintiff via US Mail a "Notice of Removal of Civil Action Under 28 U.S.C., Section 1332, 1441(b) (DIVERSITY)" ("Removal") with this Court. In its removal Defendant asserts lack of diversity between Plaintiff and defendants.

**Legal Argument**

**A. This Motion for Remand is Timely Because It Involves A Matter of the Court's Subject Matter Jurisdiction**

A defect in the Federal court's subject matter jurisdiction can be raised at any time, even on appeal. Int'l Primate Protection League v. Administrators of Tulane Ed. Fund, 500 U.S. 72, 87

(1991); 28 U.S.C. Section 1447(c); FRCP 12(h)(3). This motion for remand is timely therefore because it is based on a question of the court's subject matter jurisdiction.

### B. This Case Should Be Remanded to State Court Because There is Not Complete Diversity Between Plaintiff and Defendants and There is a Lack of Subject Matter Jurisdiction

A case may be heard in federal court only if there is a federal question at issue or if there is complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332. Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in the removal procedure." 28 U.S.C. Section 1447(c); see also Buckner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993).

### C. Plaintiff Shows That White Cap's Principal Place OF Business Is California

Here, according to Defendant's own website, it has a total of 33 facilities in California. (Request For Judicial Notice) The state that has the next highest level of activity is Texas, where White Cap has 19 facilities. Id. The other states where Defendant has facilities do not have even nearly as many as here in California Id.

Under settled Ninth Circuit law, the determination of a corporation's principal place of business is based on two different tests. First, the "place of operations test" holds that a corporation's principal place of business is the state that "contains a substantial predominance of corporate operations." Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). Second, the "nerve center test" holds that a corporation's principle place of business is where the majority of its executive and administrative functions occur. Id. Finally, under Ninth Circuit law, the "nerve center test" applies only when no state has a "substantial predominance of corporate operations." Id. at 1094.

In Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495 (9th Cir. 2001), the Ninth Circuit Court of Appeals provided guidance on how to apply the "substantial predominance of operations test." There, the corporate plaintiff argued that the "nerve center test" should apply because no state contained the majority of its operational activities and, thus, it claimed that it did not have a "substantial predominance of operations" in any state. Id. at 500. The defendant argued that the plaintiff corporation had a "substantial predominance of

-4-
MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN

HOFFMAN EMPLOYMENT LAWYERS, LLP
100 Pine Street, Suite 1550
San Francisco, CA 94111
(415) 362-1111

operations" in California. Id. In response, the plaintiff compared its California operations to its operations in all other states combined, rather than comparing its California operations to its operations in other states (individually). Id. The Ninth Circuit rejected this application of the "substantial predominance test," holding that "determining whether a corporation's business activity substantially predominates in a given state plainly requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states." Id. To analyze the amount of operations in a given state, the Court looked to the location of the corporation's: (1) employees; (2) tangible property; (3) production activities; (4) sources of income; and (5) where sales take place. Id. In summary, the Court held that:

> "substantial predominance" does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of a corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business. Id.

In Ghaderi v. United Airlines, Inc., 136 F.Supp.2d 1041 (N.D. Cal. 2001), the District Court relied on Tosco Corporation to assess the principal place of business of defendant United Airlines. The District Court noted that there is a "preference in the Ninth Circuit for the place of operations test" because "[d]eeming a corporation a citizen of the state with which it has the most public contact and, therefore, the 'greatest potential for litigation,' helps reduce the federal court diversity case load," and "where a party has substantial contact with the public, the public is not likely to view it as an 'outsider' and not likely to discriminate on the basis of citizenship." Id. at 1044. The Court then reviewed the evidence in the record comparing United's operations in California with in other states, and found that it supported the claim that United's presence in California substantially predominated over its presence in any other single state. Id. at 1045-1048.4

To determine what constitutes a "substantial predominance," it held that "courts must address this kind of question on a case by case basis, taking into account each of the many

-5-
MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN

pertinent circumstances" and the policies that underlie federal diversity jurisdiction. Id. at 1047. Thus, the Court declared:

> We hold, therefore, that at least in a setting like this, where the corporation engages in a great deal of business activity in the state in issue, and where it engages in more of the kind of activity that matters most (analytically) in that state than in any other state, the courts should give the term "substantial" a relatively narrow meaning—and thus should decline to resort to the nerve center test unless the corporation proves that the difference between the levels of business activity in the states being compared is relatively insignificant. Stated differently, where the corporate party attempting to invoke diversity jurisdiction has a significant presence in both states of comparison, the difference between the magnitude of activity in the two states need not be very large to be considered "substantial." Id. at 1047.

Under the *Tosco* factors, as Defendant's WHITE CAP 's principal place of business is California , the Court can grant remand automatically, and make a ruling on jurisdiction based on Defendant's own web site information.

### D. This Court Should Award Fees and Costs Incurred for This Motion to Plaintiff

On granting a motion for remand, the federal court may order the defendant to pay Plaintiff its "just costs and actual expenses, including attorneys' fees, incurred as a result of the removal..." 28 U.S.C. Section 1447(c); *Also see* Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993). Because the statute unambiguously authorizes the award of attorneys' fees, no showing of bad faith on the part of the removing party is necessary to a fee award under Section 1447(c); Tenner v. Zurek, 168 F.3d 328, 329-330 (7th Cir. 1999). Here however, Defendant flat out misrepresented that *"White Cap does not employ any individuals in the State Of California, and derives virtually no revenue from the State Of California.* This makes the Removal also sanctionable.

-6-
MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN

### III. Conclusion

For the foregoing reasons Plaintiff requests that this Court order that:

1. The instant action be remanded back to state court;

2. Defendants pay an award of attorneys' fees and costs to Plaintiff in the amount of $5950 or in an amount that the Court deems appropriate,

3. The Clerk of the Court send a certified copy of the order remanding this action back to state court to the clerk of the state court where the action was originally filed; and

4. Such other and further relief as this Court deems proper.

DATED: August 20, 2008

Respectfully submitted,
HOFFMAN EMPLOYMENT LAWYERS, LLP

/S/
_____
MICHAEL HOFFMAN
Attorneys for Plaintiff

DECLARATION OF MICHAEL HOFFMAN IN SUPPORT OF ATTORNEYS' FEES

I, Michael Hoffman, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am an attorney with the Law Offices of Michael Hoffman, attorneys of record for Plaintiff Sandra Chew. I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, could and would competently testify thereto.

2. This declaration is submitted in regard to attorneys' fees and costs expended in preparing and filing the Motion to Remand, with which this Declaration is concurrently submitted.

3. I am informed and believe that Defendants had no reasonable basis for removing the case to federal court based upon their statement that *"White Cap does not employ any individuals in the State Of California, and derives virtually no revenue from the State Of California.*

-7-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN

HOFFMAN EMPLOYMENT LAWYERS, LLP
100 Pine Street, Suite 1550
San Francisco, CA 94111
(415) 362-1111

4. As a result of the instant Motion, Plaintiff has incurred and will incur reasonable costs and attorneys' fees in connection with this motion and the hearing thereon. I have expended more than 3 hours because of the improvident removal, including review of the removal file, in research of applicable federal and state laws, preparation of the notice of motion, the motion, the memorandum of points and authorities and this declarations. I anticipate three more hours to prepare a reply and two hours to prepare for and attend the hearing on this motion. I have practiced business, commercial and employment litigation in San Francisco California for more than 15 years. My current hourly rate is $450, which is reasonable for like services in the community in which I practice.

5. The total attorneys' fees and costs expended, not including those anticipated, is 3 hours, for a total of $1350.

I declare under penalty of perjury of the laws of the State of California and the United States of America that there foregoing is true and correct. Executed at San Francisco, California.

DATED: August 20, 2008                LAW OFFICES OF MICHAEL HOFFMAN

                                      /S/
                                      _____
                                      MICHAEL HOFFMAN
                                      Attorneys for Plaintiff